IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN ASCENCION ANGEL,     Petitioner, | : :  : |
| v. | : Civil No. 2:26-cv-00791-JLS |
| J.L. JAMISON, *et al*.,     Respondents. | : : : |

**ORDER**

**AND NOW**, this 13$^h$ day of February, 2026, upon consideration of Martin Ascencion Angel's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 7), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Martin Ascencion Angel is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Martin Ascencion Angel from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 14, 2026.

3. If the Government chooses to pursue re-detention of Martin Ascencion Angel pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Martin Ascencion Angel is a citizen of Mexico who crossed the border without inspection on April 21, 2006 and was served a Voluntary Return. He is the father to four United States citizens. Respondents encountered and detained Mr. Ascencion Angel on February 5, 2026 and took him into custody. Martin Ascencion Angel is presently detained at the Federal Detention Center in Philadelphia. The Government's arguments are familiar. The Government maintains that Petitioner is lawfully detained pursuant to 8 U.S.C. 1225(b)(2) and that his detention does not violate constitutional due process. This Court has repeatedly rejected these arguments. *See, e.g., Patel v. McShane*, No. 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, No. 25-cv6312 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, No. 25-cv-5930 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, No 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Wu v. Jamison*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison,* No. 25-cv-6490 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden*, FDC, No. 25-cv-6572 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill*, No. 25-cv-6191 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose*, No. 25-cv6608 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi*, No. 25-cv-6143 (E.D. Pa. Dec. 4, 2025) (Diamond, J.); *Hidalgo v. O'Neill*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) Diamond, J.); *Conde v. Jamison*, No. 25-cv-6551 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill*, No. 25-cv-6543 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill*, No. 25-cv-6809 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane*, No. 25-cv-6458 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta Cibrian v. Rose*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill*, No. 25-cv-6731 (E.D. Pa. Dec. 15, 2025) (Perez, J.).The Court will not belabor the point: Martin Ascencion Angel's mandatory detention without the opportunity for a bail hearing is unlawful.

BY THE COURT:


*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**